FILED
2013 APR 19 PM 3:58

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____DM
        DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

EASTMAN CHEMICAL COMPANY,
Plaintiff,

-vs-                                             Case No. A-12-CA-057-SS

PLASTIPURE, INC. and CERTICHEM, INC.,
Defendants.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants CertiChem, Inc. and Plastipure, Inc.'s Motion to Exclude Certain Testimony of Prof. Timothy Zacharewski [#76], CertiChem and Plastipure's Motion to Exclude Certain Testimony of Dr. Christopher Borgert [#77], CertiChem and Plastipure's Sealed Motion to Exclude the Expert Report of Isabella Cunningham, Ph.D [#80], Plaintiff Eastman Chemical Company's Motion to Exclude the Testimony of Sarah Butler [#81], Eastman's Motion to Exclude the Proposed Expert Testimony of Laura Vandenberg [#90], Eastman's Sealed Motion to Exclude Testimony of Michael Denison [#93], CertiChem and Plastipure's Motion to Exclude Proposed Expert Testimony of James Deyo [#95], Eastman's Motion to Exclude the Proposed Expert Testimony of Carlos Sonnenshein [#96], Eastman's Motion to Exclude the Proposed Expert Testimony of Cathy Yang [#99], Eastman's Motion to Exclude the Proposed Expert Testimony of George Bittner [#100], and the assorted responses and replies to the foregoing motions [##84, 87, 88, 92, 94, 97, 98]. Having considered the documents, the file as a whole, and the governing law, the Court now enters the following opinion and order.

Before the Court are no less than ten *Daubert* motions, with related exhibits, responses, and replies. So far, they comprise a stack of paper approximately 8" high, and mounting. If the motions are to be believed, there is not a shred of competent evidence in this case, on either side. While it is tempting to grant all ten motions, doing so would probably leave nothing for the trier of fact to consider. In addition, to carefully review the motions, depositions, expert reports, underlying technical documents, and briefs, would take an extended amount of time—probably as much as four to six days—a time period which would equal or exceed the time of trial in this case. Unfortunately, the Court, in managing its docket, does not have the time or ability to determine the issues raised in these motions in the abstract. The Court will therefore dismiss all motions without prejudice to re-urging at trial, subject to the Court's standard restrictions on *Daubert* objections, described below.

Accordingly,

IT IS ORDERED that the Motions to Exclude [##76, 77, 80, 81, 90, 93, 95, 96, 99, 100] are DISMISSED WITHOUT PREJUDICE to re-urging at trial. This Court traditionally rules on *Daubert* objections after hearing the evidence presented in trial, as well as the evidence from the expert (outside the presence of the jury). But note—all civil trials on this docket are tried "on the clock." If a *Daubert* objection is made to the testimony of an expert witness and the Court sustains the objection, the time taken to listen to the expert witness by the Court will be subtracted from the presenter's time. If the *Daubert* objection is overruled, then the time it takes to listen to the expert witness is subtracted from the objector's time to

try the case.

SIGNED this the __19th__ day of April 2013.

                                           _/s/ Sam Sparks_
                                           SAM SPARKS
                                           UNITED STATES DISTRICT JUDGE