**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

EASTMAN CHEMICAL COMPANY,
                    **Plaintiff,**

-vs-                                                    **Case No.  A-12-CA-057-SS**

PLASTIPURE, INC. and CERTICHEM, INC.,
                    **Defendants.**

---

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard all the evidence in this case. I will now instruct you on the law you must

apply. It is your duty to follow the law as I give it to you. However, you are the judges of the facts.

Do not consider any statement I have made during the trial or make in these instructions as an

indication I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing

arguments. Statements and arguments of the attorneys are not evidence and are not instructions on

the law. They are intended only to assist the jury in understanding the evidence and the parties'

contentions.

### General Instructions

Any party seeking relief in a civil action such as this must prove every essential element of

its claim by "a preponderance of the evidence." A preponderance of the evidence means the amount

of evidence that persuades you a claim is more likely true than not true. In determining whether any

fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed,

consider the testimony of all witnesses, regardless of who may have called them, and all exhibits

received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of a party's claim by a preponderance of the evidence, then you must find for the other party on that claim.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was. In making that decision I suggest you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with any party to the case? Did the witness have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that may help you determine the accuracy of what each witness said.

In determining the weight to give to the testimony of a witness, you should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you

need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose. For example, Exhibits P50 and P314 were admitted not for the truth of the matters contained in those emails, but to show the state of mind of the parties to those emails. You may consider such evidence only for the specific limited purposes for which it was admitted.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You must think about the testimony of each witness and decide how much you believe of what each witness said. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it. In deciding whether to accept or rely upon the opinion of such a witness, you may consider any bias of the witness, including any bias you may infer from evidence that the witness has been or will be paid for reviewing the case and testifying, or from evidence that he or she testifies regularly and his or her income from such testimony represents a significant portion of his or her income.

During the trial, you were allowed to take notes. Any notes you may have taken are only aids to your memory. If your memory differs from your notes, you should rely on your memory, not the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the tesitmony.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law, and must be treated as equals in a court of justice.

### Specific Instructions

Having given you your general instructions, I will now instruct you on the law and issues specific to this case.

Plaintiff Eastman Chemical Company claims the Defendants, PlastiPure, Inc., and CertiChem, Inc., engaged in false advertising, unfairly competed with Eastman, and conspired against Eastman or unlawfully assisted each other regarding this conduct.

### Questions One through Five—False Advertising—Liability

Eastman claims PlastiPure and CertiChem engaged in false advertising. Under federal law, any person who, on or in connection with any goods or services, uses any false or misleading representation of fact, which, in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another persons's goods, services, or commercial activities, shall be liable to any party who is or is likely to be damaged by such an act. To succeed on this claim, Eastman must prove, by a preponderance of the evidence, the following four elements:

1.    The Defendant made a false or misleading statement of fact about a product in a commercial advertisement;

2.    The statement either deceived, or had the capacity to deceive a substantial segment of potential consumers;

3.    The deception is material, in that it is likely to influence the purchasing decisions of consumers;

4.    Eastman has been or is likely to be injured as a result of the statement.

Questions One through Five ask you about these elements.

The Verdict Form lists three separate statements Eastman contends are false or misleading. The first statement is: "Tritan resins and products leach chemicals having significant estrogenic activity (EA)." You may find this statement in Exhibit P108. The second statement is not a direct quote, but a statement to the effect that Tritan, or products made with Tritan, are dangerous to human health because they exhibit estrogenic activity. You may, but are not required to, infer such a statement was made from evidence such as Exhibits P108, P111, and P112. The third statement is: "Tritan resins and products leach chemicals having significant estrogenic activity (EA) after common-use stresses." You may find this statement in Exhibit P110.

A false statement may be either literally false, or false by necessary implication. A statement is false by necessary implication if the words or images, considered in context, necessarily imply a false message. A statement is misleading if it conveys a false impression and is likely to mislead, confuse, or deceive consumers. A statement can be misleading even if it is literally true or ambiguous.

A statement of fact is one that admits of being adjudged true or false in a way that admits of empirical verification.

A commercial advertisement is (1) commercial speech; (2) by a defendant who is in commercial competition with the plaintiff; (3) for the purpose of influencing consumers to buy the defendant's goods or services. Although the representations need not be classic advertisements, and may instead consist of more informal types of promotion, the representations must be disseminated

sufficiently to the relevant purchasing public to constitute advertisement or promotion within that industry.

If you find Eastman has shown by a preponderance of the evidence that either Defendant made a statement of fact that is literally false, as opposed to misleading, Eastman does not need to prove the second and third elements. In other words, the law assumes a literally false statement has the capacity to deceive a substantial segment of potential consumers, and is material. If you find a particular statement is false, you must also find that statement has the capacity to deceive a substantial segment of potential consumers and is material.

If you find a statement was not literally false, but was nevertheless misleading, Eastman must prove the second and third elements of this claim. In doing so, Eastman must present some evidence of actual deception. Proof of actual deception requires proof that some of those to whom the statement was made were actually deceived by PlastiPure or CertiChem's statements. In making this determination, you may consider the surrounding circumstances and overall context in which the statements appear.

**Question Six—False Advertising—Willfulness**

Question Six asks: "Do you find that PlastiPure or CertiChem willfully engaged in false advertising?"

A Defendant acted willfully if it knew its advertising was false or misleading, or acted with indifference to whether its advertising was false or misleading.

**Question Seven—Unfair Competition—Liability**

Question Seven asks: "Do you find that PlastiPure or CertiChem committed an illegal or tortious act that interfered with Eastman's ability to conduct its business?"

Eastman claims PlastiPure and CertiChem, by engaging in false advertising, committed tortious acts that interfered with Eastman's ability to conduct its business. Unfair competition is a Texas state law tort encompassing false advertising. In other words, Eastman's false advertising claim may also serve as a basis for a finding of unfair competition under Texas law. If you find either Defendant engaged in false advertising, you may also find that Defendant engaged in unfair competition.

**Question Eight—Civil Conspiracy**

Question Eight asks: "Were PlastiPure or CertiChem part of a conspiracy that damaged Eastman?"

Eastman alleges PlastiPure and CertiChem conspired with each other to (1) engage in false advertising, and (2) engage in unfair competition. To be part of a conspiracy, the Defendants must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to Eastman. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

**Question Nine—Aiding and Abetting**

Question Nine asks: "If you find that either PlastiPure or CertiChem is liable for false advertising or unfair competition, do you also find that either PlastiPure or CertiChem aided and abetted the other in carrying out that conduct?"

A defendant will be liable for aiding and abetting if that defendant had knowledge that the primary actor's conduct constituted a tort, the defendant intended to assist and did assist the primary actor in committing the tort, and the defendant's assistance or encouragement was a substantial factor in causing the tort.

## Deliberations and Verdict

Any verdict must represent the considered judgment of each juror. In order to answer a question or return a verdict, it is necessary that each juror agree to the verdict. In other words, the answers to your questions, and your verdict, must be unanimous.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Do not let bias, prejudice, or sympathy play any part in your deliberations.

It is your duty as juror to consult with one another and to deliberate in an effort to reach agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, you may choose to re-examine your own views, and even change your mind completely, after discussing the evidence with the other jurors. However, do not surrender your honest conviction as to the weight or the effect of the evidence solely because of the opinion of your fellow jurors or for the sole purpose of reaching a verdict.

Remember at all times you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

Upon retiring to the jury room, you should first select one of your number to act as your presiding juror, who will preside over your deliberations and will be your spokesperson here in Court. A Verdict Form has been prepared for your convenience. You will take the Verdict Form to the jury room, and when you have reached a unanimous agreement as to your verdict, your presiding juror will answer the questions on the Verdict Form, date and sign the form, and then you will return to the courtroom. After you have reached a verdict, you are not required to talk to anyone about the case.

Depending upon your answers to the questions on the Verdict Form, you may not answer all questions. Please carefully following the "roadmap" at the bottom of each question, which will direct you to the next question you should answer based upon your response to the current question.

If, during your deliberations, you should desire to communicate with the Court at any time, please reduce your message or question to writing signed by the presiding juror and pass the note to the court security officer, who will bring it to my attention. I will either answer your question in writing or bring you back to the courtroom for other verbal instructions. In communicating with the Court, do not volunteer any information on the progress of the jury in reaching or verdict.

Submitted this the 24ᵗʰ day of July 2013, at 11:40 o'clock A .m.

_Sam Sparks_

SAM SPARKS
UNITED STATES DISTRICT JUDGE

057 jury instr final kkt.wpd