```
                                                                    FILED
        IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TEXAS                   2013 OCT 31  AM 10: 44
                   AUSTIN DIVISION
                                                             CLERK US DISTRICT COURT
                                                             WESTERN DISTRICT OF TEXAS
                                                             BY_____KW_____
EASTMAN CHEMICAL COMPANY,                                              DEPUTY
                    Plaintiff,

-vs-                                                   Case No. A-12-CA-057-SS

PLASTIPURE, INC. and CERTICHEM, INC.,
                    Defendants.
```

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants PlastiPure, Inc. and CertiChem, Inc.'s "Rule 50(b) Renewed Motion for Judgment as a Matter of Law" [#229], and Plaintiff Eastman Chemical Company's Response [#243]; Defendants' Motion for New Trial [#231], and Plaintiff's Response [#241]; and Plaintiff's Unopposed Motions to Exceed Page Limits [##240, 242].[1] Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

A jury trial was held in this Lanham Act false advertising case from July 15, 2013 to July 24, 2013. More than three months after the jury returned a total verdict in favor of Plaintiff Eastman Chemical Company, this case remains active on this Court's docket. On August 30, 2013, this Court entered a twenty-three page order denying Defendants' Rule 50(a) and Rule 50(b) challenges, and fashioning a permanent injunction, which was included in the judgment entered the same day. Order of Aug. 30, 2013 [#219]. On October 4, 2013, this Court entered an order denying Eastman's request

---

[1] The unopposed motions [##240, 242] are GRANTED.

for attorney's fees and awarding limited costs. Order of Oct. 4, 2013 [#239]. Defendants now move again for judgment as a matter of law and for a new trial, raising largely the same arguments previously rejected by this Court.

## Analysis

### I.  Renewed Rule 50(b) Motion

#### A.  Legal Standard

When ruling on a Rule 50(b) motion for judgment as a matter of law, "[a] jury verdict must stand unless there is a lack of substantial evidence, in the light most favorable to the successful party, to support the verdict." *Am. Home Assurance Co. v. United Space Alliance, LLC*, 378 F.3d 482, 487 (5th Cir. 2004). Accordingly, the question for this Court "is whether the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict." *Id.* (internal quotation marks omitted); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) ("Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.").

#### B.  Application

After the evidence was presented at trial, Defendants moved for judgment as a matter of law pursuant to Rule 50(a). Defs.' Rule 50(a) Mot. [#185]. Defendants sought judgment on Eastman's false advertising claim on, among others,[2] the following grounds: (1) no evidence of commercial competition; (2) no evidence of statements of fact about Tritan; (3) no evidence of literal falsity; (4) no evidence of actual deception; (5) no evidence of materiality; (6) no evidence of harm; (7) press

---

[2] Several of Defendants' arguments were directed at issues not ultimately submitted to the jury, including statements not included in this Court's jury charge and issues related to damages, which were not submitted to the jury at Eastman's request.

releases are not "commercial advertising or promotion"; and (8) website statements do not reference Eastman or Tritan. *Id.* Defendants also sought judgment on Eastman's unfair competition claims for the same reasons, and on Eastman's conspiracy and aiding-and-abetting claims on the grounds there was no evidence to support any of the elements of those causes of action. *Id.* This Court carried the motion. *See* FED. R. CIV. P. 50(b) ("If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion.").

Approximately two weeks after the jury returned its verdict, Defendants filed a "Motion for Judgment." Defs.' Mot. J. [#205]. Defendants reasserted many of the same sufficiency of the evidence type challenges to the jury's verdict. Although "a party may not base a motion for judgment [as a matter of law] on a ground that was not included in a prior motion for directed verdict," Defendants also raised new arguments concerning prudential standing and willfulness. *Bay Colony, Ltd. v. Trendmaker, Inc.*, 121 F.3d 998, 1003 (5th Cir. 1997). The Court construed Defendants' second motion as a Rule 50(b) motion, and rejected all of Defendants' arguments, finding the evidence sufficient to sustain the jury's verdict. Order of Aug. 30, 2013 [#219], at 1–15.

Defendants' Renewed Rule 50(b) motion reasserts all of these grounds for relief previously rejected by the Court. The Court again denies the motion for the reasons previously stated. *Id.*; *see Saffran v. Johnson & Johnson*, No. 2:07-CV-451 (TJW), 2011 WL 4378030, at *1 (E.D. Tex. Sept. 20, 2011) ("The Defendants have preserved their record, and the Court DENIES Defendants' renewed motion [for judgment as a matter of law under Rule 50(b)] for the same reasons it denied Defendants' original motion.").

## II.  Motion for New Trial

### A.  Legal Standard

A motion for new trial may be granted if the jury's verdict was against the great weight of the evidence, the trial was unfair, or some prejudicial error was committed during the trial. FED. R. CIV. P. 59; *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985); *Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980). As with a Rule 50(b) motion, the Court views the evidence "in the light most favorable to the jury verdict." *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991).

### B.  Application

Defendants raise a number of arguments in their Motion for New Trial, many of which have been raised repeatedly in the hundreds of pages of post-verdict briefing in this case. For example, Defendants again challenge the sufficiency of the evidence to sustain the jury's verdict on each question submitted to the jury. The Court rejects those arguments for the reasons previously stated. Defendants new arguments in support of a new trial are: (1) the Court erred in admitting Defendants' press releases into evidence; (2) the Court's jury charge was erroneous; and (3) the Court erred in denying Defendants' motion for leave to amend their counterclaims. The Court will consider those new arguments in turn.

#### 1.  Admission of Press Releases

"Generally, any error in admitting or excluding evidence is not grounds for a new trial." *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 508 (5th Cir. 2012) (citing FED. R. CIV. P. 61). Defendants argue the Court improperly admitted into evidence two of Defendants' press releases, arguing those press releases do not amount to "commercial advertising or promotion" under

the Lanham Act. Defendants previously raised this argument in their Rule 50(a) motion, and the Court rejected it then. Order of Aug. 30, 2013 [#219], at 7. The Court does so again for the reasons stated previously.

## 2. Jury Charge

Defendants fault the Court's jury charge for: (1) not including Defendants' Lanham Act counterclaim; (2) not including Defendants' business disparagement counterclaim; (3) not including Defendants' affirmative defenses; (4) characterizing Defendants' statements as a group; (5) including an instruction on "falsity by necessary implication"; (6) instructing the jury on assuming materiality for literally false statements; and (7) referencing PlastiPure's website.

### a. Lanham Act Counterclaim

Defendants first argue the Court erred in not submitting Defendants' Lanham Act counterclaim to the jury. As pleaded, Defendants charged Eastman with making "false and misleading statements to its [Eastman's] customers regarding Defendants' testing procedures, test results and practices." 2d Am. Answers [##50, 51] ¶ 62.

The Court prepared a jury charge which did not include instructions or questions concerning Defendants' Lanham Act counterclaim because there was insufficient evidence to support giving such instructions or questions to the jury. Defendants technically objected, as shown in the following exchange:

> Defendants' Counsel: Your Honor, with respect to the verdict form, defendants object to the failure to submit the counterclaims on the ground that there is evidence to support all the necessary elements under the Lanham Act, including damages because the statute permits the Court to equitably award damages independent of evidence having been produced on that other than evidence of profits.
>
> The Court:   Just out of curiosity, what evidence was produced?

> Defendants' Counsel: What evidence was actually introduced by Eastman that it was profitable and the amount of money that had been spent total—in total. And under the Lanham Act all that's actually required is that the counter-claimant in this case prove how much was spent. And then, it is up to the counter-defendant to provide evidence of costs to reduce that amount. And then, the court in equity can award based on that. So that's our objection.

Defs.' Mot. New Trial [#231-9], Ex. 9 (Charge Conf. Tr.)., at 14.

Counsel did not identify any evidence of statements Eastman made to its customers regarding Defendants' testing procedures, results, or practices. Nor did counsel identify any evidence suggesting those statements were false or misleading. Nor did counsel identify any evidence suggesting those statements actually deceived any of Defendants' customers, or were material to those customers' purchasing decisions. Nor did Defendants introduce any evidence of actual harm to them caused by Eastman's statements to its own customers. The Court, having sat through the entire trial, heard all of the evidence, and heard no evidence to support giving the counterclaim to the jury. The Court thus properly overruled Defendants' objection.

Defendants now proffer specific evidence they claim supported their counterclaim at the trial. Defendants reference: (1) a statement Eastman made about Tritan's composition; (2) statements Eastman made about the rejection of Defendants' MCF-7 assay from inclusion in the Endocrine Disruptor Screening Program; and (3) statements Eastman made about the MCF-7 assay not being a definitive test for estrogenic activity. Defs.' Mot. New Trial [#231-9], at 16–20.

First, Eastman's statements about Tritan's composition are irrelevant to Defendants' counterclaim because they are not statements about Defendants' tests. Second, assuming the statements about the efficacy and definitiveness of the MCF-7 assay are actionable, Defendants still have not identified any evidence those statements deceived any consumers of Defendants' services,

were material to any consumers' purchasing decisions, or resulted in any injury at all to Defendants. Defendants did not present any evidence they were injured in any way by anything Eastman said or did with regards to Defendants' testing procedures. This was reason enough to withhold Defendants' counterclaims from the jury.

b.   **Business Disparagement Counterclaim**

Defendants also pleaded a business disparagement counterclaim, which the Court did not include in its charge because there was insufficient evidence to justify giving the question to the jury. Defendants claim they objected to the noninclusion of this claim through the same objection discussed above. Generously construing Defendants' objection as covering the business disparagement claim, Defendants' objection again failed to identify a single piece of evidence specific to business disparagement. This is because there was no evidence of Eastman's malice in publishing any false or disparaging words about Defendants' interests, or of any "special damages" suffered by Defendants. In implicit recognition of this fact, Defendants' motion does not even attempt to identify any particular evidence, much less identify what "special damages" Defendants suffered.

c.   **Affirmative Defenses**

Defendants pleaded a smattering of affirmative defenses, including waiver, acquiescence, equitable estoppel, privilege, unclean hands, and First Amendment. The Court did not include instructions or questions on any of them because there was insufficient evidence to justify giving those questions to the jury. Defendants' counsel again objected to this noninclusion in generic terms:

> Defendants' counsel:  Our second objection with respect to the verdict form is the failure to submit questions on affirmative defenses. We believe that there is evidence

> in the record with respect to each of defendants' affirmative defenses, and I think there should be questions on those.
>
> The Court: The jury wouldn't have any idea what we're talking about. There's no evidence on any affirmative defenses. They were submitted perhaps as humor. They're overruled.

Charge Conf. Tr. at 15.

As the Court's comments at the time suggested, there was insufficient evidence to submit any affirmative defense to the jury. There was no evidence Defendants were in any way harmed by any inequitable, bad faith conduct of Eastman. Defendants' waiver argument was premised on a confused and strained interpretation of the doctrine to bar Eastman from suing for false advertising because Eastman did not attempt to replicate Defendants' particular tests. No authority supports the use of waiver in this way, and the evidence at trial certainly did not show Eastman intentionally relinquishing any of its rights. Defendants' acquiescence and equitable estoppel claims are similar, based on stretching those doctrines to somehow prevent Eastman from suing despite the total lack of evidence Eastman ever represented it would not enforce its Lanham Act rights. Finally, Defendants' privilege and First Amendment arguments are based on Defendants' repeatedly raised and repeatedly rejected theory of this case in which they were merely engaged in scientific debate, rather than in publishing commercial advertisements and promotions suggesting Tritan was capable of leaching estrogenically active chemicals and causing harm.

d.  **Group Statements**

The Court's charge identified three actionable statements made by Defendants. Two of the three were direct quotes taken from Defendants' press releases. The third was described as follows:

> The second statement is not a direct quote, but a statement to the effect that Tritan, or products made from Tritan, are dangerous to human health because they exhibit

estrogenic activity. You may, but are not required to, infer such a statement was made from evidence such as Exhibits P108, P11, and P112.

Jury Instruction [#195], at 6.

Defendants claim they were prejudiced (though they do not explain how) by this instruction because it "allow[ed] the jury to evaluate three of Defendants' statements in concert to determine if a false statement of fact was made." Defs.' Mot. New Trial [#231], at 26. Even if Defendants had identified some binding authority precluding this "grouping" (they do not), and even if Defendants had objected to this "grouping" when given an opportunity to object to the charge (they did not), a new trial would not be warranted. The Court's instruction was a practical recognition of the fact Defendants never expressly stated "Tritan is harmful." The evidence at trial showed Defendants made statements about Tritan exhibiting estrogenic activity, and about estrogenic activity being harmful to humans or the environment. The Court's instruction merely identified potential evidentiary bases from which jurors could have inferred such statements were made, although there was no direct quote for the Court to provide.

e.    **Falsity by Necessary Implication**

Defendants fault the Court's charge for including an instruction on the Lanham Act theory of "falsity by necessary implication." This rule allows the jury to find a statement was false "if the words or images, considered in context, necessarily imply a false message," even if the false statement is not explicit. *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1367 (Fed. Cir. 2013). Although the Fifth Circuit has not expressly adopted this rule, numerous other circuits have done so. *E.g., Hall*, 705 F.3d at 1367; *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 158 (2d Cir. 2007); *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290

F.3d 578, 589 (3d Cir. 2002); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Even if instructing the jury on this theory was error, Defendants have not shown it was prejudicial because the jury found all of Defendants' statements were both literally false and misleading.

**f.      Materiality**

Defendants fault the Court's charge for instructing the jury it could presume materiality if it found a statement to be literally false. "With respect to materiality, when the statements of fact at issue are shown to be literally false, the plaintiff need not introduce evidence on the issue of the impact the statements had on consumers. In such a circumstance, the court will assume that the statements actually misled consumers." *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 497 (5th Cir. 2000) (citations omitted). The Court's charge followed *Pizza Hut*, and thus was not error. Even if it was, Defendants have not shown prejudice because the jury independently found all of Defendants' statements were misleading and material.

**g.      PlastiPure's Website**

Defendants fault the Court's charge for including a reference to Plaintiff's Exhibit 111, taken from PlastiPure's website, on the grounds the website did not reference Eastman or Tritan. When viewed in context, especially the presence of Defendants' brochure specifically discussing Eastman's Tritan on PlastiPure's website before and throughout the trial, there was ample reason to direct the jury to Exhibit 111 as an example. Even if the Court had not done so, the exhibit was in evidence and the jury could have considered it anyway; the Court's instructions merely aided the jury in sifting through the hundreds of exhibits produced in the case.

3.  **Motion for Leave to Amend**

Defendants also argue this Court erred in not allowing Defendants to amend their counterclaims. Defendants filed their motion on April 30, 2013, nearly ten months after the amended pleadings deadline chosen by the parties and nearly a full month after the dispositive motions deadline set by the Court. The Court denied the motion as "inexcusably late" and too prejudicial to Eastman unless the trial date was continued (with the Court's next available setting then being March 2015). Order of June 3, 2013 [#133], at 5–6.

As a threshold matter, this Court's pretrial ruling on a discretionary motion for leave to amend filed after the deadlines agreed to by the parties provides no proper basis for ordering a new trial in this case. Motions for new trial "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (internal quotation marks omitted). Defendants' argument was raised, and rejected, prior to jury selection.

Alternatively, even if the Court were to consider the merits of Defendants' argument, the Court would not order a new trial. The Court rightly denied the amendment as prejudicial because allowing Defendants to expand the scope of their counterclaims from "Eastman made false statements about Defendants' tests to its customers" to "Eastman made false statements about Tritan to consumers" would have radically altered the nature of the evidence at trial, required the designation of new experts, and possibly necessitated new discovery on issues like deception, materiality, and injury. Defendants had ample time to plead such counterclaims between the filing of this lawsuit on January 18, 2012, and the July 13, 2012 amended pleadings deadline agreed to by the parties. This Court's refusal to allow Defendants' April 30, 2013 amendment to plead the

counterclaims they wanted to assert at their July 2013 trial does not entitle them to relief under Rule 59.

## Conclusion

Accordingly,

IT IS ORDERED that Defendants PlastiPure, Inc. and CertiChem, Inc.'s "Rule 50(b) Renewed Motion for Judgment as a Matter of Law" [#229] is DENIED;

IT IS FURTHER ORDERED that Defendants PlastiPure, Inc. and CertiChem, Inc.'s Motion for New Trial [#231] is DENIED;

IT IS FINALLY ORDERED that Plaintiff Eastman Chemical Company's Unopposed Motions to Exceed Page Limits [##240, 242] are GRANTED.

SIGNED this the 30th day of October 2013.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE